# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TUMI, INC., SAMSONITE LLC, and DELILAH EUROPE INVESTMENTS SARL,<br><br>                Plaintiffs,<br><br>    v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>                Defendant. | Civil Action No.: _____<br><br>Removed from:<br><br>Superior Court of New Jersey<br>Law Division - Union County<br><br>Docket No. UNN-L-000193-21 |

## NOTICE OF REMOVAL

**TO:** **Clerk of the Court**
ABsolut
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

**Sherilyn Pastor, Esq.**
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
*Attorneys for Plaintiffs*

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Factory Mutual Insurance Company (hereinafter "FMIC" or "Defendant"), by its undersigned attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court

of New Jersey, Law Division, Union County, 2 Broad Street, Elizabeth, New Jersey, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

1. Plaintiffs Tumi Inc., (hereinafter "Tumi"), Samsonite LLC (hereinafter "Samsonite"), and Delilah Europe Investments Sarl (hereinafter "Delilah") (collectively referred to as the "Plaintiffs") commenced an action seeking damages against Factory Mutual Insurance (herein "FMIC") in the Superior Court of New Jersey, Law Division, Union County, by filing a Complaint and Jury Demand ("Complaint") on January 19, 2021.

2. On January 19, 2021, FMIC received a copy of the Complaint. A true and complete copy of the Complaint is attached hereto as Exhibit "A".

3. On February 9, 2021, FMIC received a copy of a First Amended Complaint ("FAC"). A true and complete copy of the FAC is attached hereto as Exhibit "B". True and complete copies of all other pleadings filed in the Superior Court of New Jersey, Law Division, Union County, are attached hereto as Exhibit "C".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(3), and is one which may be removed to this Court by FMIC pursuant to the provisions of 28 U.S.C. § 1441. It is a civil action between citizens of different states; and between citizens of different States and in which citizens or subjects of a foreign state are additional parties; and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. According to the allegations in the FAC, Tumi is an Insured under FMIC's "All Risk" Master Global Policy. Tumi alleges that it is incorporated under the laws of the state of New Jersey with its principal place of business in New Jersey. FAC ¶ 4. Tumi is therefore a citizen of New Jersey.

6. According to the allegations in the FAC, Samsonite is an Insured under FMIC's "All Risk" Master Global Policy. Samsonite alleges that it is a limited liability company organized in the state of Delaware with its principal place of business at 575 West Street, Suite 110, Mansfield, Massachusetts. The sole member of Samsonite LLC is alleged to be a holding company organized in the state of Delaware with its principal place of business at 575 West Street, Suite 110, Mansfield, Massachusetts. FAC ¶ 5. Samsonite is therefore a citizen of Delaware and of Massachusetts.

7. According to the allegations in the FAC, Delilah is an Insured under FMIC's "All Risk" Master Global Policy. Delilah alleges that it is a Société à Responsabilité Limitée organized in Luxembourg with a principal place of business at 13-15 Avenue de la Liberte, Luxembourg, L-1931, Luxembourg. FAC ¶ 6. Delilah is therefore a citizen or subject of a foreign state, Luxembourg.

8. FMIC, Factory Mutual Insurance Company, is a mutual insurance company organized under the laws of the State of Rhode Island with its principal place of business in Johnston, Rhode Island. FMIC is therefore a citizen of Rhode Island.

9. Accordingly, there is complete diversity of citizenship between the parties, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332.

10. This matter involves Plaintiffs' claims for declaratory judgment. The FAC alleges that COVID-19 and relevant government orders have impacted Plaintiffs' operations and earnings and that the instant dispute arises from FMIC's alleged refusal to acknowledge coverage for Plaintiffs' related claim. FAC ¶¶ 2, 57.

11. The FAC does not include a statement of Plaintiffs' claimed damages. However, in the context of a declaratory judgment, "it is well established that the amount in controversy is

measured by the value of the object of the litigation.*" Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Circ. 1995). Notably, the FAC contains allegations of claims concerning numerous retail locations that "sell their products in New Jersey and throughout the world"; and where, prior to the pandemic, "thousands of people visited . . . every day." FAC ¶¶ 14-15. Plaintiffs' FAC also alleges that "[t]he Policy's $1 million Communicable Disease Response and Interruption by Communicable Disease does not cap Samsonite's recovery, nor limit any other coverage(s) available under the Policy." FAC ¶ 105. It is reasonable to infer from this allegation the Plaintiffs are claiming damages in excess of $1,000,000.

12. Further, on February 16, 2021, a teleconference occurred between counsel for FMIC and counsel for Plaintiffs. During that conversation, Plaintiffs' counsel confirmed that Plaintiffs' damage claim in this action exceeds the sum of $75,000.

13. Additionally, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within 30 days after receipt by FMIC, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

14. FMIC will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Union County, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant FMIC, under 28 U.S.C. §§ 1332, 1441 and 1446, remove this action in its entirety from the Superior Court of New Jersey, Union County, to the United States District Court for the District of New Jersey.

Dated: February 17, 2021                    Respectfully submitted,

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: /s/ Robert F. Cossolini
    ROBERT F. COSSOLINI, ESQ.
    67 East Park Place, Suite 901
    Morristown, New Jersey 07960
    Telephone: (973) 343-4962
    Fax: (973) 343-4970

    Motion for Admission *Pro Hac Vice* pending:
    Jonathan D. Mutch, Esq.
    ROBINS KAPLAN LLP
    800 Boylston Street, Suite 2500
    Boston, MA 02199-7080
    Telephone: (617) 267-2300
    Fax: (617) 267-8288
    E-Mail: jmutch@robinskaplan.com

    *Attorneys for Defendant Factory Mutual Insurance Company*

5

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that the subject matter now before this Court is not part of any other action pending in any Court or of any pending arbitration or administrative proceeding, except the Union County Superior Court, Law Division action upon which this removal application is based (UNN-L-000193-21).

Dated: February 17, 2021

Respectfully submitted,

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: */s/ Robert F. Cossolini*
ROBERT F. COSSOLINI, ESQ.
67 East Park Place, Suite 901
Morristown, New Jersey 07960
Telephone: (973) 343-4962
Fax: (973) 343-4970

Motion for Admission Pro Hac Vice pending:
Jonathan D. Mutch, Esq.
ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, MA 02199-7080
Telephone: (617) 267-2300
Fax: (617) 267-8288
E-Mail: jmutch@robinskaplan.com

*Attorneys for Defendant Factory Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February, 2021, I caused to be electronically filed the enclosed Notice of Removal and attached exhibits through the Court's CM/ECF filing system, and forwarded one copy of the Defendant's Notice of Removal, and attached exhibits, and Certificate of Service, via Email to the following counsel of record for Plaintiffs:

**Sherilyn Pastor, Esq.**
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
*Attorneys for Plaintiffs*

*/s/ Robert F. Cossolini*
ROBERT F. COSSOLINI, ESQ.
