UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TUMI, INC., SAMSONITE LLC, AND DELILAH EUROPE INVESTMENTS SARL,<br><br>Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 21-02752 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

In this case, a business seeks coverage from its insurer for losses related to the COVID-19 pandemic and government measures taken in response. Plaintiffs Tumi, Inc., Samsonite LLC, and Delilah Europe Investments Sarl sought coverage from their insurer, Factory Mutual Insurance Company ("FMIC"). FMIC denied coverage. Plaintiffs brought suit in New Jersey Superior Court seeking a declaratory judgment to determine FMIC's insurance coverage obligations. FMIC removed the matter to this court.

Now, plaintiffs move to remand this case to state court (DE 5).[1] For the reasons set forth below, that motion to remand is DENIED.

**I.    Background**

Starting in March 2020, states and localities responded to the COVID-19 pandemic with stay-at-home orders and other measures, including the closing

---

[1]     For ease of reference, certain key items from the record will be abbreviated as follows:

    DE _   =   Docket entry in this case
    FAC    =   First Amended State Court Complaint (DE 5-3)

1

of retail businesses. (FAC ¶ 39–43.) Plaintiffs allege that the result has been heavy losses for their wholesale and retail luggage business. (FAC ¶ 13–15, 57–61.)

Plaintiffs turned to their insurance carriers in an attempt to recoup some of those losses. FMIC declined coverage, asserting that the COVID-19 pandemic and resulting business losses do not fall within the policy definition of "physical damage." (FAC ¶ 107–108.) Consequently, on January 19, 2021, plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Union County, seeking a declaratory judgment that FMIC was obligated to provide coverage. (FAC ¶ 109–113.)[2] On February 17, 2021, FMIC removed the case to federal court, and on March 18, 2021, plaintiffs moved to remand. (DE 1, 5).

## II. Legal Standards

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 603–04 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)–(b)). Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal under section 1446(a). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal, and resolve any doubts in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Under the Declaratory Judgment Act ("DJA"), any federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).[3] The discretion conferred

---

[2] Plaintiffs initially also included claims and damages for breach of contract and anticipatory breach of contract but dropped those claims from their First Amended Complaint. (DE 1-1, ¶ 114–124.)

[3] Plaintiffs originally brought this case in state court under the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50 *et seq.* "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."

2

to federal courts by the DJA is "unique and substantial ... in deciding whether [in the first instance,]" declaring the rights of litigants is appropriate. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In short, it is within "the sound exercise of [the district court's] discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (alteration in original) (quoting *Wilton*, 515 U.S. at 286). Nevertheless, "[a] federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017). Thus, when an action contains independent legal claims, "federal courts have a virtually unflagging obligation to exercise jurisdiction." *Id.* When, however, an action seeks only declaratory relief, without independent legal claims, courts may decline jurisdiction if appropriate. *Id.* Here, it is undisputed that plaintiffs seek only declaratory relief; no other independent legal claims are asserted in its First Amended Complaint. It is also undisputed that this court would have had original subject matter jurisdiction over this case because the parties are fully diverse and more than $75,000 is in controversy. 28 U.S.C. § 1332.

### III. Analysis

Thus, I must exercise my discretion to determine whether to remand this case to state court. My discretion, however, is "not absolute," but rather

---

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The federal Declaratory Judgment Act and the New Jersey Declaratory Judgment Act, which are similar, are both procedural, not substantive. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("The operation of the [DJA] is procedural only."). Thus, when a plaintiff seeks a declaratory judgment under state law and the action is removed to federal court, federal procedure applies, and the matter "is treated as though it had been filed under the [federal DJA]." *BCB Bancorp, Inc. v. Progressive Cas. Ins. Co.*, No.13-1261, 2013 WL 8559731, at *3 (D.N.J. Oct. 8, 2013); *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017) ("[W]e agree with the District Court that because federal courts apply federal procedural law in federal actions, the DJA and not state declaratory judgment law supplies the procedural law that governs this case. This is notwithstanding the fact that the relief sought in the removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act....").

3

"bounded and reviewable," as the Court of Appeals has recently stressed. *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 2021 WL 3642111, at *1 (3d Cir. Aug. 18, 2021) (quoting *Reifer*, 751 F.3d at 140). To guide my decision on the issue of remand, the Third Circuit has laid out a number of interrelated factors, which I will now analyze. *See DiAnoia's Eatery*, 2021 WL 3642111, at *1–*2.

### a. Parallel State Proceeding

There is a threshold consideration. When considering whether to exercise or decline jurisdiction, courts must first determine whether a "parallel state proceeding" exists. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer*, 751 F.3d at 144). The Supreme Court has defined a parallel state proceeding in this context as "*another* proceeding … pending in a state court in which all the matters in controversy between the parties could be fully adjudicated." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) (emphasis added); *Kelly*, 868 F.3d at 284. "The absence of a pending parallel state proceeding militates significantly in favor of exercising jurisdiction." *Id.* at 282.

Here, neither side claims that there is a parallel proceeding in state court; this removed case is apparently the only action between the parties concerning this subject matter. (DE 5 at 5.) In *DiAnoia's Eatery,* the Court of Appeals accepted the district courts' treatment of those consolidated cases, all removed from state court, as ones in which there was no parallel state court proceeding. *See* 2021 WL 3642111, at *4, *6, *10–*11. I do so here as well.[4]

Although "the absence of pending parallel state court proceedings militates significantly in favor of exercising jurisdiction …, it alone does not require such an exercise." *Reifer*, 751 F.3d at 144. Where there is no parallel state proceeding, to justify a remand under the DJA, district courts must "be

---

[4] Where the federal court's decision is whether to remand, as opposed to a bare decision whether to exercise jurisdiction, a state forum is guaranteed, and I am cognizant of that. Nevertheless, as I read *DiAnoia's Eatery,* the Court of Appeals took literally the factor of a separate, *parallel* state proceeding.

rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed" by the factors supporting remand. *Id.*; *see also DiAnoia's Eatery,* 2021 WL 3642111, at *2.

### b. *Reifer* Factors

The Third Circuit has enumerated the following, non-exhaustive list of factors, known as the *Reifer* factors, to guide the district court's analysis:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Kelly*, 868 F.3d at 283 (citing *Reifer*, 751 F.3d at 146). The Third Circuit has instructed district courts to give "meaningful consideration" to any relevant factors, and has stated that some factors may be weighed more heavily than others, depending on the circumstances of the case. *Id.* The Court of Appeals has also advised that the factors are nonexclusive, *i.e.,* that "there will be situations in which district courts must consult and address other relevant law or considerations." *Id.* In this, the insurance coverage context, the fifth, sixth, and eighth factors, where applicable, are "particularly relevant." *See Ewart v.*

*State Farm Mutual Auto. Ins. Co.*, 257 F. Supp. 3d 722, 725 (E.D. Pa. 2017) (citing *State Auto Insurance Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000)).

"[T]hat district courts are limited to predicting—rather than establishing—state law requires 'serious consideration' and is 'especially important in insurance coverage cases.'" *Reifer*, 751 F.3d at 148 (quoting *Summy*, 234 F.3d at 135). Thus, in *Summy*, the Third Circuit stated that "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system." 234 F.3d at 135. Consequently, much argument in COVID-19 insurance coverage cases has focused on whether the applicable issues of state insurance law are "unsettled." Tracking the Third Circuit's approach in *DiAnoia's Eatery*, I will analyze the issue of unsettled state law in connection with the third *Reifer* factor. 2021 WL 3642111 at *11.

### i. First *Reifer* Factor

The first *Reifer* factor "is not intended to be a vehicle for considering the effect of a declaratory judgment on the development of state law." *DiAnoia's Eatery*, 2021 WL 3642111 at *9. Instead, it captures "whether a declaration would bring about a complete termination of the controversy *between the parties* and thereby avoid duplicative, piecemeal litigation." *Id.* (emphasis added) (internal quotation marks omitted). Here, as in *DiAnoia's Eatery*, a declaratory judgment by this Court would resolve the coverage issue as between these parties. There is no indication that there are interested parties that have not been joined or that there are predicate issues that would undermine the usefulness of a judgment by this court. *See id.* at *10. In short, a decision by this court can fully resolve the uncertainty of FMIC's coverage obligations to plaintiffs.

The first *Reifer* factor thus weighs against remand.

6

### ii. Third *Reifer* Factor

The third *Reifer* factor—understood to encompass issues of "unsettled state law"—is the focus of plaintiffs' argument for remand. Plaintiffs argue that the public interest, and specifically the interest of the many New Jersey companies which are involved in similar COVID-19-related disputes with their insurers, would be best served by a state court decision, ultimately reviewable by the New Jersey Supreme Court. (DE 5 at 8–10.) That approach, they argue, would result in an authoritative resolution of unsettled issues. In such a situation, plaintiffs argue, "[i]n order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters." (DE 5 at 8–9 (quoting *Summy*, 234 F.3d at 136).)

It is true, of course, that the COVID-19 pandemic is unprecedented. Still, as the Third Circuit has stated, that does not mean that the relevant issues of insurance law are so unsettled that a federal court should defer. *See DiAnoia's Eatery*, 2021 WL 3642111 at *12. Any court deciding this case will be applying familiar principles of insurance law to the language of the insurance policy at issue. *Id.* (listing four relevant and settled principles of New Jersey insurance law). The issues at the heart of this lawsuit are whether losses related to the COVID-19 pandemic and related government orders caused "physical loss or damage" to plaintiffs' business and whether plaintiffs' losses were caused by the "actual not suspected" presence of a communicable disease, as required by plaintiffs' "Communicable Disease Response" policy. (FAC ¶ 62, 70–76, 96, 98.) If it takes jurisdiction of this case, this court will be able to decide these interpretive issues using well-established principles of New Jersey law regarding construction of insurance contracts.

"Federal courts are, of course, perfectly capable of applying state law." *Reifer*, 751 F.3d at 149. What is more, failure to remand would not impair the development of the law in the state courts. In declining to remand a similar insurance dispute earlier this year, Judge Wolfson observed that "New Jersey

7

State Courts have begun to rule on these matters, providing important guidance to the federal courts." *Causeway Auto., LLC v. Zurich Am. Ins. Co.*, 2021 WL 486917, at *1 n.1 (D.N.J. Feb. 10, 2021); *see also Eye Care Ctr. of New Jersey, PA v. Twin City Fire Ins. Co.*, 2021 WL 457890, at *2 (D.N.J. Feb. 8, 2021) ("Whether [plaintiff's] losses are covered under the policy is a question of contract interpretation.") (citing *Cypress Point Condo. Ass'n, Inc v. Adria Towers, LLC*, 226 N.J. 403, 415 (N.J. 2016)); *Count Basie Theater, Inc. v. Zurich Am. Ins. Co.*, 2021 WL 3732903, at *6 (D.N.J. Aug. 24, 2021).[5] As FMIC argues, this court is capable of determining the underlying merits of plaintiffs' claims. (DE 13 at 5.) Indeed, a court in this district has already applied New Jersey law to interpret a nearly identical FMIC insurance contract. *See Ralph Lauren Corp. v. Factory Mut. Ins. Co.*, 2021 WL 1904739 (D.N.J. May 12, 2021).[6]

The third *Reifer* factor thus weighs against remand, or at the very least is neutral.

### iii. Fifth *Reifer* Factor

The fifth *Reifer* factor has been clarified and given a narrowing construction by the Third Circuit in *DiAnoia's Eatery*. In *Reifer,* the court stated that there is "a general policy of restraint when the same issues are pending in a state court." *Reifer* at 146. Plaintiffs understandably picked up on that language to stress that a case covering the "same issues," *i.e.,* a broadly similar

---

[5] The law was perhaps a bit less certain when this case began and when another court in this district decided *Grand Cru, LLC v. Liberty Mut. Ins. Co.*, 2020 WL 6938359 (D.N.J. Nov. 25, 2020), which plaintiffs cite extensively. Still, I must decide this case based on the state of the law today.

[6] Many other courts in this district have ruled on issues concerning the application of insurance policies to losses alleged to have resulted from the COVID-19 pandemic. *See, e.g.*, *N&S Rest. LLC v. Cumberland Mut. Fire Ins. Co.*, 499 F. Supp. 3d 74 (D.N.J. 2020); *7th Inning Stretch LLC v. Arch Ins. Co.*, 2021 WL 800595 (D.N.J. Jan. 19, 2021). Three of those cases are currently consolidated for appeal—along with eleven others—at the Third Circuit. *Boulevard Carroll Entm't Grp., Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 7338081 (D.N.J. Dec. 14, 2020) (on appeal as No. 21-1061); *Eye Care Center,* 2021 WL 457890 (on appeal as No. 21-1315); *In the Park Savoy Caterers LLC v. Selective Ins. Grp., Inc.*, 2021 WL 1138020 (D.N.J. Feb. 25, 2021) (on appeal as No. 21-1414). Those cases, like *DiAnoia's Eatery*, involve policies that contain a "virus exclusion provision," which plaintiffs' policy here does not contain.

COVID-19 insurance declaratory judgment case, is pending in state court. (DE 5 at 12.)[7] As the Third Circuit has recently clarified, however, that is the incorrect standard. "The fifth factor's 'policy of restraint' is applicable only when the 'same issues' are pending in state court *between the same parties*, not when the 'same issues' are merely the same legal questions pending in any state proceeding." *DiAnoia's Eatery*, 2021 WL 3642111, at *10 (citing *Kelly*, 868 F.3d at 289) (emphasis added). As noted above, there is no contention that there is pending litigation between these parties on these issues in state court.[8]

The fifth *Reifer* factor thus weighs against remand.

### iv. Neutral *Reifer* Factors

The second and fourth *Reifer* factors are neutral for related reasons. Plaintiffs originally filed suit in Union County, New Jersey, which is located some 6 miles from this courthouse, so the convenience factor does not tip either way. What is more, this court and the New Jersey Superior Court are both courts of general jurisdiction, capable of adjudicating this case and affording the desired declaratory relief. *Kelly*, 868 F.3d at 289 ("[S]tate and federal courts are equally capable to grant effective relief in these circumstances."); *United States Liab. Ins. Co. v. Singer*, 2016 WL 5858984, at *5 (D.N.J. Oct. 6, 2016) ("[T]he New Jersey Declaratory Judgment Act … allows for substantially similar relief to that provided by the [federal] DJA.").

---

[7]    The reference is to *Westfield Area YMCA v. North River Insurance Co.*, No. UNN-L-002584-20 (N.J. Super. Ct.) (pending on motion for summary judgment).

[8]    To be clear, I am simply following the *Reifer* approach, as interpreted in *DiAnoia's Eatery*, step by step. My prior consideration of parallel litigation, *supra*, does not mean that I am counting this factor twice.

*DiAnoia's Eatery,* in limiting the scope of factor five, noted that the *Reifer* factors are non-exclusive, and therefore did not wholly rule out any consideration of a suit between different parties that involves the same issue. 2021 WL 3642111, at *11. Still, that possibility was portrayed as more theoretical than real. The Court "question[ed] how this fact would ever militate against exercising jurisdiction," because "[a]t any given time, there are countless insurance cases pending in state courts which implicate some common application of state law." *Id.*

The sixth and seventh *Reifer* factors are also neutral, because neither applies. As mentioned above, no party claims that there is a parallel state action and thus there is no risk of duplicative litigation or a ruling that would have a preclusive effect here.

Finally, the eighth *Reifer* factor is neutral. Neither party presented any argument regarding this factor, and FMIC does not claim that there is any conflict of interest raised by the interplay between its arguments here and in state court.

### v. Other Factors

The eight *Reifer* factors are concededly nonexclusive. *DiAnoia's Eatery*, 2021 WL 3642111, at *2. The parties, however, focus their arguments squarely on the third and fifth factors, and do not raise arguments outside of the *Reifer* framework. No others readily suggest themselves. I therefore find no reason to go beyond the issues briefed, and I will not consider other factors.

### IV. Conclusion

We are left then with no parallel state proceeding between these parties, a circumstance which "militates significantly in favor of exercising jurisdiction," *Kelly*, 868 F.3d at 282; three *Reifer* factors which weigh against remand; and five *Reifer* factors which weigh in neither direction. This decision, of course, involves not merely counting factors, but weighing their importance. I would exercise my discretion to remand only if I found that the *Reifer* factors in favor of remand outweighed the lack of a parallel state proceeding and any other factors counseling against remand. I find that they do not, and thus will continue to exercise jurisdiction over this case.

For the reasons set forth above, the motion to remand is denied. A separate order will issue.

Dated: September 14, 2021

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**